Submitted on remand from the Oregon Supreme Court November 26, 1991, affirmed
March 11, 1992

In the Matter of
Ryan James Green and
Rachel Sarah Kasper, Children.

STATE ex rel JUVENILE DEPARTMENT
OF LINCOLN COUNTY
and Children's Services Division,
*Appellants,*

*v.*

Tammy ASHLEY,
*Respondent.*

(860185; CA A61020)

826 P2d 130

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michelle Longo Eder, Lincoln City, argued the cause and submitted the brief for respondent.

Before Richardson, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

This case is before us on remand. In *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 818 P2d 1270 (1991), the Supreme Court affirmed that "the psychotherapist-patient privilege [in OEC 504] does not apply to communications made during the diagnosis or treatment of drug dependency when that is the specific purpose of the diagnosis or treatment." 312 Or at 180. However, it remanded:

> "Mother's reliance on a harmless error analysis under OEC 103(1) is misplaced, and the Court of Appeals erred in deciding the case on that basis. In a proceeding to terminate parental rights, the Court of Appeals is *required* to review the record *de novo*. ORS 19.125(3). That is, it must make its own decision about the facts, not simply analyze the trial court's findings to determinine whether improperly excluded evidence would have influenced the trial court. In making its decision, the Court of Appeals must consider the excluded evidence that should have been admitted. Remand to the trial court is not an appropriate disposition, unless the proponent of the excluded evidence was precluded from making a complete offer of proof." 312 Or at 181. (Footnotes omitted; emphasis in original.)

This is a close case that turns on mother's credibility, and the trial judge was in the best position to judge that credibility. Having reviewed the evidence that was improperly excluded, and having reviewed the entire record *de novo*, we affirm the trial court's decision not to terminate mother's parental rights.

Affirmed.